UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:05-CV-59-H

**BOOKER T. HAMILTON, JR**  **PLAINTIFF**

**v.**

**CLARK ENTERPRISE, et al.**  **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, Booker T. Hamilton, Jr., *pro se,* seeks compensatory damages and lost wages for harassment and discrimination in this civil rights action. This matter is before the Court for screening, pursuant to 28 U.S.C. § 1915 and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). The Court will dismiss the complaint because it contains no allegations of state action, an essential element of a federal claim under 42 U.S.C. § 1983.

**I.**

In cases where an individual is proceeding *in forma pauperis* under 28 U.S.C. § 1915(a), the district court must screen the complaint, before service of the complaint upon any defendants, to identify cognizable claims and to dismiss any portion of the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997).

When it screens a *pro se* complaint, the district court must liberally construe the allegations in a light most favorable to the plaintiff and accept all factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). The district court better serves "substantial justice" by examining the "thrust, not just the text," of a *pro se* litigant's allegations. *Burton v. Jones*, 321 F.3d 569, 573-74 (6th Cir. 2003). Although the court holds *pro se*

pleadings to a less stringent standard than formal pleadings drafted by lawyers, the district court is under no duty to conjure up unpled allegations.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)); *see also Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

A complaint fails to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).  The complaint must contain more than bare legal conclusions, *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).  The complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory."  *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

## II.

Plaintiff alleges Defendant Brian Mininfe pressed false charges against him and obtained an emergency protective order "to keep me away from old Louisville."  Plaintiff alleges Defendant "lied to provoke me in court and to get me 180 day sentence without shock probation or work release."  Plaintiff states, "I lost everything I worked for all these years!"  Plaintiff states, "I never got to testify in court."

Plaintiff seeks compensation for the time he was in jail and for lost wages on grounds of "discrimination and harassment."

The complaint contains no allegations describing the nature of the relationship between Plaintiff and Defendants.  It is not at all clear whether Defendant is a co-worker or employer.  There are no allegations that pertain to Defendant Clark Enterprise or the relationship, if any, between it and Defendant Mininfe.

Plaintiff simply states, "I have the right to shop anyplace I want. I have the right to eat anyplace I want. I have the right to friends and freedom. I have the right to reject a bisexual man."

### III.

The thrust of these allegations fall within a category of claims called abuse of process, for which there may be a remedy under 42 U.S.C. § 1983. Congress enacted § 1983 to create a civil remedy for individuals who have suffered injury at the hands of government officials acting in violation of federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988). An unconstitutional abuse of process arises when a legal proceeding has been set in motion to attempt to accomplish an ulterior, perverted purpose for which the proceeding was not designed. *Eldridge v. Gibson*, 332 F.3d 1019 (6th Cir. 2003); *Voyticky v. Village of Timberlake*, No. 14-3252 (6th Cir. June 22, 2005).

An essential element of a § 1983, abuse of process claim, is state action. *Id.* In other words, the claim does not hold private persons responsible, but serves only to protect citizens from the unlawful, discriminatory, or harassing conduct of a state official or employee. Section 1983 offers no right of relief generally against private persons. Here, the complaint contains no allegations that either Defendant is an employee or agent of the state or county government. The Court must therefore dismiss the complaint.

The Court will enter an order consistent with this Memorandum Opinion.

Dated:

cc: Plaintiff, *pro se*

4412.007